IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FREDERICK S. DEJOHN, II, | § | |
| | § | |
| Defendant Below, | § | No. 74, 2019 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID. No. 0107018127 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: July 12, 2019
Decided: August 20, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) The appellant, Frederick S. DeJohn, filed a notice of appeal from the Superior Court's January 29, 2019 order denying DeJohn's motion for modification of sentence. DeJohn argues that the Department of Correction extended the probationary period to which he was subject beyond that imposed by the Superior Court's sentencing order. While the appeal was pending, DeJohn completed his sentence, and he is no longer subject to supervision.

(2)     The Chief Deputy Clerk issued a notice to DeJohn directing him to show cause why the appeal should not be dismissed as moot. In his response, DeJohn argues that the Department of Correction should not be permitted to "overstep[] their authority" in the future and that the primary purpose of the appeal is "to ensure that the balance of government and its powers are correctly upheld."

(3)     After careful consideration, the Court concludes that DeJohn's completion of his sentence has rendered this appeal moot.[1] Satisfaction of a sentence generally renders a case moot unless a defendant demonstrates sufficient collateral legal disabilities or burdens flowing from the conviction to justify appellate review.[2] DeJohn's arguments do not establish any prospective consequences to DeJohn from the Superior Court's denial of his motion for sentence modification. Accordingly, DeJohn's completion of his sentence renders this appeal moot. Moreover, to the extent DeJohn is attempting to affect the potential future conduct of the Department of Correction in other cases, any decision on his arguments "would amount to an impermissible advisory opinion and would be a waste of scarce judicial resources."[3]

---

[1] *Collins v. State*, 2016 WL 97465 (Del. Jan. 6, 2016).

[2] *E.g.*, *Ross v. State*, 2015 WL 410270 (Del. Jan. 28, 2015); *Hall v. State*, 2013 WL 1932727 (Del. May 8, 2013).

[3] *Collins*, 2016 WL 97465, at *1.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED as moot.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice